# No. 23-484-cv

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

Keisha Reynolds,

*Plaintiff-Appellant*,

v.

HNS Management Co., Inc, DBA CTTransit,

*Defendant-Appellee*.

_____

*On Appeal from an Order of the*

*United States District Court for Connecticut*

_____

**REPLY BRIEF OF APPELLANT**

Dr. Kissinger N. Sibanda, Esq.

LAW OFFICE OF KISSINGER N. SIBANDA, PLLC

P.O. Box 714, Livingston, NJ  07039

Tel:  862-250-9684

# **TABLE OF CONTENTS**

**Page**

Table of Authorities…………………………………………………………………ii

PRELIMINARY STATEMENT..............................................................................7

JURISDICTIONAL STATEMENT………….…………………………………….7

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW...........................8

DEEP ISSUES.........................................................................................................8

STATEMENT OF THE CASE………………………………………………...9

    A. The Nature of the Case………………………………………………9

    B. The Course of Proceedings and Disposition Below……………..…..9

    C. Summary Judgment And Surviving Claims…………………………...10

STATEMENT OF FACTS…………………………………………………..9

SUMMARY OF THE ARGUMENT……………………………………………..8

STANDARD OF REVIEW……………………………………………………….8

ARGUMENT……………………………...…………………………………….9

REQUEST FOR ORAL ARGUMENT…………………………………...12

CONCLUSION……………………………………..……………………….12

# TABLE OF AUTHORITIES

**CASES**                                                                                 **Page(s)**

*American Mfrs. Mutual Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.,* 388 F.2d 272 (2d Cir. 1967)……………………………………………….5

*Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 247-48 (1986)……………….....8

*Bolling v. Sharpe*, 347 U.S. 497 (1954)……………………………..…..7

*Breslow v. Schlesinger*, 284 F.R.D. 78, 82 (E.D.N.Y.)……………………..4

*Castro v. Bank of New York Mellon,* 852 F. App'x 25, 30 (2d Cir. 2021)…………3

*Crews v. Cty. of Nassau*, 149 F. Supp. 3d 287, 292 (E.D.N.Y. 2015)…………….4

*Daniel Reynolds v. Denis McDonough.,* Case No. 17-CV-5711 (JMW)……*passum*

*DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134(2d Cir. 1998)……………………………………………..5

*Fincher v. Depository Trust & Clearing Corp.,* 604 F.3d 712, 725 (2d Cir. 2010)…………………………………………….8

*Hodges v. Police officers*, 802 F. 2d 58, 61 (2d Cir. 1986)……………………..5

*Jaroslawicz v. Seedman, 528 F.2d 727, 731 (2d Cir. 1975)*…………………......4

*Juliao v. Charles Rutenberg Realty, Inc.,* No. 14-CV-808 (JMA) (AYS), 2020 WL 2513443, at * 2 (E.D.N.Y. May 15, 2020)……………………………..3

*Tyson v. City of N.Y.*, 81 F. App'x 398, 400 (2d Cir. 2003)………………*passum*

*Manley v. AmBase Corp.,* 337 F.3d 237, 245 (2d Cir. 2003)………………………5

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)."……………………………………………………………………*passum*

*Moore v. T-Mobile USA, Inc.,* No. 14 CIV. 7724 GBD AJP, 2015 WL 1780942, at *1 (S.D.N.Y. Apr. 15, 2015)…………………………………………………………6

*Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986)………………………………..5

*Obra Pia Ltd. v. Seagrape Invs. LLC,* No. 19-CV-7840 (RA), 2021 WL 1978545, at *2 (S.D.N.Y. May 18, 2021)……………………………………………………..4

*Sass v. MTA Bus Co.,* 6 F. Supp. 3d 229, 233 (E.D.N.Y.)…………………………4

*Singh v. Home Depot U.S.A.,* Inc., 580 F. App'x 24, 25 (2d Cir. 2014)…….…..1

*Snyder v. N.Y.S. Educ. Dep't*, 486 Fed. Appx. 176, 177 (2d Cir. 2012))…………..5

*Stoma v. Miller Marine Servs.,* Inc., 271 F. Supp. 2d 429, 431 (E.D.N.Y. 2003)..4

*Webb v. City of New York*, No. 08-CV-5145 (CBA) (JO), 2010 WL 3394537, at *3 (E.D.N.Y. Aug. 23, 2010)……………………………………………………….3

**STATUTES**

28 U.S.C. § 1291…………………………………………………..……....8

42 U.S.C. § 2000e et seq. ("Title VII")……………………………………8

Federal Rule of Civil Procedure Rule 56……………………………….....4

Federal Rule of Civil Procedure Rule 59 (a) (1) A…………………………*passum*

Federal Rule of Civil Procedure Rule 60 (b) 3………………………….*passum*

Federal Rules of Appellate Procedure Rule 32(a)(7)(B)(iii)………………………4

U.S. Const. Seventh Amendment.....................................................................7

U.S. Const. Fourteenth Amendment…………………………………..............6

**BOOKS**

Henderson, The Background of the Seventh Amendment, 80 Harv. L. Rev. 289, 336 (1966)……………………………………………………………….5

William C. Anderson (1891) Dictionary of Law …………………..………...3

Oliver Wendell Holmes (1881) The Common Law …………….…....................6

# PRELIMANARY STATEMENT

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S Seventh Amendment

Ms. Keisha Reynolds seeks a reversal of the "ORDER" dated March 15th, 2023, in Case 3:20-CV-00471 (MPS), in the District Court of Connecticut and, remand to the Lower Court, allowing an opposition, assisted by pro bono counsel to consistent with Ms. Reynold's Fourteenth Amendment. In the alternative, Ms. Reynolds seeks a remand for an evidential hearing by the Lower Court regarding the Rule 56.1 fact disclosure.

# DEEP ISSUES

Appellant (Ms. Reynolds) seeks reversal of Order and Opinion dated March 15th, 2023, A[1](14-38), from the lower court, the District Court of Connecticut based on misapplication of the law as stated under Federal Rule of Civil Procedure Rule 56, and the Rule's province or authority[2].

# JURISDICTIONAL STATEMENT

---

[1] (A -) refers to the Appellant's Appendix. Appellant counsel reached out to Appellee counsel, several times, for Appellee's designation of record to be included in this Appendix but she did not provide such designation for the record.

[2] Essentially, Appellant's argument is that the Lower Court overstepped its power and engaged in a full bench trial outside of Federal Rule of Civil Procedure Rule 56's mandate. Rule 56 allows a limited bench trial for the purposes of the Seventh Amendment. It does not abrogate the Seventh Amendment.

This is an appeal from final order of the district court dismissing Ms. Reynolds's claims by summary judgment. The finality is uncontroverted.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 because the March 15th, 2023, decision is a final order or judgment that disposes of all parties' claims in Case No. 3:20-CV-00471 (MPS), *Herein after*, the "Order."

The district court had federal question jurisdiction over those claims pursuant to Federal Question jurisdiction 28 U.S.C. § 1331(a)(2) because Ms. Reynolds sued under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"),

On April 3rd, 2023, Ms. Reynolds filed a Notice of Appeal of the district court's decision, which granted defendant's motion for summary judgment. The appeal is timely because pursuant to Rule 4(a)(4)(A)(iv) of the Federal Rules of Appellate Procedure, the time to appeal the district court's Order had not expired when Ms. Reynolds filed a notice of Appeal on April 3rd, 2023. The clerk of the second circuit then stayed the appeal pending payment of fees. Mandate to reopen the case was granted by the Clerk of this Court on July 1st, 2024. Gen. Docket No. 3628017.

This appellate Court has jurisdiction pursuant to 28 U.S.C. § 1291 because the district court's March 15th, 2023, Order and Opinion constitutes a final order or judgment that dispose of all parties' claims in Case No. 3:20-CV-00471 (MPS).

# ARGUMENT

## I.  APPELLEE'S BRIEF DOES NOT ADDRESS THE ISSUE OF A VESTED APPOINTED COUNSEL.

Appellee's brief submitted on November 6th, 2024, failed to address whether the Lower Court created <u>horizontal stare decisis</u> in its appointment of counsels for Ms. Reynolds[3]. And that this stare decisis was no longer subject to merely abuse of discretion but facts relevant to setting aside any horizontal stare decisis decision as law i.e. reliance, equities, uniformity, fairness and dependency to Ms. Reynolds.

It other words, Ms. Reynolds, at a certain point in the adjudication of the lower court matter, achieved or attained, a right to appointed counsel, based on this horizontal stare decisis. As addressed in Appellant's opening brief, this is analogous to principles in contract law: *reliance and assumpsit*.

Appellee never addressed this point, only stating that the summary judgment was correctly decided, on the internal law – not how the absence of Ms. Reynolds' advocacy affects the "rightness," of the court's decision. In other words, appellee's position was supposed to be that it was a harmless error – which, this Appellate

---

[3] Appellant, states that, the *Hodges* decision, *Hodges v. Police officers*, 802 F. 2d 58, 61 (2d Cir. 1986), would apply in the first two or so, instances to appoint counsel, but the question for this court is whether *Hodges* applies <u>post-discovery</u> and after a litigant relies on appointed counsel for the fullness of their advocacy, after three such appointments? It is certainly worth this court's time to use this case, as a vehicle to address the outer limits of *Hodges*: <u>when does a constitutional right</u> to appointed counsel vest in a case?

court cannot accept based squarely on the four corners of the summary judgment order, repeating intermittently that Ms. Reynolds never filed her rebuttal points and arguments. AA: 015-039.

In any event, Appellee is wrong on this point as well – the summary judgment was not decided correctly, even on the black letter employment law; for example, the retaliation and discrimination claims have merit, even if Ms. Reynold's lack of advocacy were to be ignored[4].

*The issue is whether Ms. Reynolds, was entitled to representation to assist with her summary judgment*. Period. Not whether, an order without her advocacy is sufficient.

In its Order, the Lower Court never gave a reason why the five times of the *pro bono* appointments were abruptly abandoned, thus, reversing the initial finding of merit awarding *pro bono* counsel for Ms. Reynolds. Once a court makes a judicial decision, its reversal of that decision is primed on acceptable jurisprudence, not mere "discretion." In other words, the court's reversal must be supported by the law for its nullification of any dependency litigant has gained from previous pro bono counsel appointment, here – five times.

---

[4] This is somewhat circular because this is the merit under *Hodges*, that won Ms. Reynolds her pro bono counsel in the first place. But for the fifth appointment, at the apex stage, the merit was taken away.

## II. APPELLEE IS MISTAKEN THAT IT WAS HARMLESS ERROR, THE LOWER COURT APPLIED THE WRONG STANDARD UNDER MCDONNELL DOUGLAS CORP'S FOUTH PRONG.

### a. ADA MCDONNELL STANDARD:

Discrimination in violation of the ADA is subject to the burden-shifting analysis originally established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." Appellant will show that in various parts of the Lower Court's Order, the court's decision was based on failure to adduce facts on Ms. Reynold's behalf because of lack of advocacy on the fourth prong in *McDonnell*.

Consequently, the lack of advocacy of a rebuttal argument, did not nullify an issue but the issue survived summary judgment because Ms. Reynolds could adduce witnesses in a trial to fill the void caused by the lack of advocacy. The Lower court acknowledged in its Order, that the main issue regarding disability discrimination was whether the discriminatory intent exists or not and was triable. AA: 30-33.

*McDonnell* is only fatal, when a plaintiff has fully engaged in their case an has advocated; not when the court adjudicates a Rule 56, without participation of

the nonmovant[5]. *Id*. Here Ms. Reynolds did not submit her opposition papers in opposition – the court cannot remedy this vacuum, by acting as her counsel, to her own detriment. This matter should proceed to a trial and be adjudicated on the <u>issue of discriminatory intent under ADA, and retaliation</u>. "Summary judgment is appropriate *only if* the movant shows that there <u>is no genuine issue</u> as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (internal quotation marks and citations omitted).

## REQUEST FOR ORAL ARGUEMENT:

Ms. Reynolds is requesting an oral argument pursuant to Local Rule 34.1(a) and Federal Rule of Appellate Practice Rule <u>34</u>.

## CONCLUSION

For the reasons set forth above, the Judgment of the District Court should be reversed and remanded to the lower court, for Ms. Reynolds to file an opposition with assistance of *pro bon*o court appointed counsel.

---

[5] The very nature of McDonnell is active participation of litigants; not the substitution of one litigant by the bench. The Lower Court relied heavily on the wrong case *(McDonnell)* they should have based their decision on a case in which one party is absent from the proceedings, not *McDonnell*, which requires the active participation of both parties. The court, like here, advocating for Ms. Reynolds, who was not present was inappropriate. Ms. Reynolds rebuts squarely that she ever said she saw "demons," to anyone, regardless of the record.

# **SIGNATURE BLOCK**

Dated:  November 19th, 2024,                                        Respectfully Submitted,
       Washington, DC 20002

                                                               By /s/Kissinger N. Sibanda Esq
                                                                         Dr. Kissinger N. Sibanda Esq
                                                                                         P.O. Box 714
                                                           Livingston, New Jersey 07039
THE LAW OFFICE OF KISSINGER                     Tel: 862-250-9684
N. SIBANDA, PLLC                                      *Attorney for Ms. Reynolds-Appellant*

**CERTIFICATION THAT CASE HAS NO OTHER APPEALS**

Mr. Reynolds certifies that there are no other appeals in the Second Circuit involving this case and, in any Court, State or Federal.

# CERTIFICATE OF COMPLAINCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Fed.R.App.P. 32 (a) 7 (B) because this reply brief contains 2,193 words, excluding, the parts of the brief exempted by Fed.R.App.P.32(a)(7)(B)(iii).

2. This brief complies with typeface Requirements of Fed.R.App.P. 32 (a) 5 and the type style requirements because it has been prepared using windows 11 in Times New Roman 14 pt.

Dated: November 19, 2024
Washington DC

/s/ Kissinger N. Sibanda Esq
_____
Dr. Kissinger N. Sibanda, Esq

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

---------------------------------------------------------------------------------------

Keisha Reynolds,

*Plaintiff-Appellant*,                                                                 24-484

v.

HNS Management Co., Inc, DBA CTTransit,

*Defendant-Appellee*.

-----------------------------------------------------

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 19, 2024, I electronically filed Appellant's Reply Brief with the Clerk of the United States Court of Appeals by using the Appellate ACMS. I further certify that all participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ACMS system. Finally, I certify that six copies of hardcopy of the foregoing were sent via certified mail to the clerk of the court.

| | |
|---|---:|
| Dated: November 19th, 2024 | /s/Kissinger N. Sibanda |
| | Dr. Kissinger N. Sibanda, Esq |

4